# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA HARVELL, individually and as administratrix of the Estate of Thurinton Harvell, Sr., et al.** : <br> : <br> : <br> : <br> **Plaintiffs,** : <br> v. : <br> : <br> **MARCUS J. BRUMBERGER, et al.** : <br> : <br> **Defendants.** : | **3:19-CV-2124** <br> **(JUDGE MARIANI)** |

## ORDER

**AND NOW, THIS 25TH DAY OF NOVEMBER, 2020**, upon review of Magistrate Judge Carlson's Report and Recommendation ("R&R") (Doc. 25) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 25) is **ADOPTED** for the reasons set forth therein.[1]

2. Defendants' "Rule 12(b)(6) Partial Motion to Dismiss & Rule 12(e) Motion for a More Definite Statement" (Doc. 4) is **GRANTED IN PART and DENIED IN PART** as follows:

---

[1] The Court adopts the R&R with reservations as to whether any purpose, much less useful purpose, is served by the filing of a more definite statement of certain allegations set forth in the Complaint. Here, the actionable allegations are set forth in paragraphs 16-32, which unquestionably state a sufficiently pleaded cause of action for the negligence, wrongful death, and survival action which arises out of Defendants' tractor-trailer, operated by Defendant Brumberger, leaving the roadway and striking and killing Mr. Harvell, Sr., and severely injuring Mr. Harvell, Jr. Defendants' motion for a more definite statement bespeaks a pedantic, dilatory, and unproductive effort which has added nothing to the development or resolution of this case. Nevertheless, Plaintiffs' counsel's resort in the Complaint to the kind of cookie-cutter, highly generalized allegations identified by the Magistrate Judge invite the type of motion filed here.

    a. Defendants' motion to dismiss the claims for punitive damages related to Plaintiffs' wrongful death claim is **GRANTED** and those claims are **DISMISSED**.[2]

    b. Defendants' motion to dismiss the punitive damages claims related to Plaintiffs' negligence and survival claims is **DENIED**.

    c. Defendants' motion for a more definite statement is **GRANTED** with respect to the following paragraphs and subparagraphs:[3]

        i. 38(s, aa, kk);
        ii. 49;
        iii. 56(s, aa, kk);
        iv. 57(r, u);
        v. 68;[4]
        vi. 70;
        vii. 74(s, aa, kk);

---

[2] Although there is not a uniform consensus, a majority of courts have found that punitive damages are not recoverable in wrongful death actions under Pennsylvania law. Here, Plaintiff has not objected to the R&R's recommendation that the claims for punitive damages be dismissed with respect to the wrongful death claim and the Court adopts this recommendation. Furthermore, the punitive damage claims remain pending as to the negligence and survival claims.

[3] Defendants' brief in support of its motion attributes a number of statements in the Complaint to the wrong subparagraph number. (See e.g. Doc. 9 at 22-24 (incorrectly identifying the substance of paragraphs 82(aa, bb, hh, kk) and 83(i, j, q, r, u)) and partially incorrectly stating the substance of paragraph 88). As a result, in adopting the R&R, the Court has corrected these errors and listed the correct subparagraph number.

[4] For purposes of clarity, the Court notes that although the R&R rejects Defendants' assertion that paragraphs 67, 68, and 87 are so vague and ambiguous that they must be stricken from the complaint (Doc. 25, at 23-24), the R&R thereafter recommends that Defendant's motion for a more definite statement as to paragraphs 68 and 87 be granted and that Plaintiffs be ordered to replead the allegations in those paragraphs to set forth the specific statutes or regulations that they allege the defendants have violated (id. at 26).

       viii. 78;
        ix. 82(s, cc, mm);
        x. 83(q);
        xi. 87;
        xii. 88.

   d. Defendants' motion for a more definite statement is **DENIED** with respect to the following paragraphs and subparagraphs:

       i. 38(k, p-q, bb, hh);
       ii. 56(k, p-q, bb, hh);
       iii. 57(i-j, q);
       iv. 67;
       v. 74(k, p-q, bb, hh);
       vi. 82(k, p-q, dd, jj, kk);
       vii. 83(h-i).

3. Plaintiffs shall file an Amended Complaint setting forth the more detailed statements as to the paragraphs identified herein within **21 days** of the date of this Order.

4. The above-captioned action is **REMANDED** to Magistrate Judge Carlson for further proceedings consistent with this Order.

                                              Robert D. Mariani
                                              United States District Judge